### CECIL SALSMAN V. THE STATE.

No. 11761.   Delivered May 2, 1928.

**Delinquent Child—No Error Disclosed.**

Where the record disclosed that appellant had been properly charged under Art. 1085, C. C. P., and convicted of the theft of an automobile, and being shown to be under sixteen years of age, said act of theft constituted appellant a delinquent child, and there being no bill of exception complaining of any proceeding upon the trial, the judgment must be affirmed.

Appeal from the County Court of Crosby County.   Tried below before the Hon. Jake M. Mabe, Judge.

Appeal from being adjudged a delinquent child, penalty confinement in the State Juvenile School at Gatesville for three years.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE. — Appellant was adjudged a delinquent child and his punishment assessed at confinement in the State Juvenile Training School at Gatesville for a period of three years.

We have not been favored with a brief from appellant and are at some loss to ascertain upon what ground he relies to have the judgment against him set aside by this court.   By complaint and information it was charged that appellant and one Willie Bell had stolen an automobile of the value of $1,250 and that said act of theft constituted the parties delinquent children, it being alleged that they were under sixteen years of age.   All of the elements of theft were properly set out in the complaint and information, which seems in all respects to comply with Art. 1085, C. C. P.   The evidence seems to establish beyond question that on the night of December 16, 1927, appellant and said Willie Bell stole a Buick automobile of the value of $1,250 from in front of the schoolhouse in Crosbyton and started with

it to New Mexico. This was proven not only by appellant's confession but was sworn to by him on this delinquency proceeding. No complaint is brought forward by bill of exception of any proceeding upon the trial. The facts show that appellant's father was present and testified at such time.

The judgment is affirmed.

*Affirmed.*